RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __11_/_1_/_12__
       JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARRY J. MCKINNEY, SR. | DOCKET NO. 12-CV-953; SEC. P |
| VERSUS | JUDGE DRELL |
| GRANT SHERIFF DEPT., ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Harry J. McKinney, Sr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Madison Parish Correctional Center in Tallulah, La.  He alleges that his constitutional rights were violated while incarcerated at the Grant Parish Detention Center because he and other inmates were deprived of law books.  He seeks injunctive relief as well as monetary damages in the amount of $10 per day, calculated from the filing of the complaint.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff complains that the Grant Parish Detention Center does not have a law library and/or he was not provided access to legal books while he was housed there.  He argues that there should be a law library where inmates can do their own research as opposed to the inmate counsel that is provided at Grant Parish Detention

Center.

Plaintiff also purports to present a host of claims on behalf of other inmates regarding conditions of confinement.

### Law and Analysis

Title 28 U.S.C. §1915A and 42 U.S.C. §1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28. Therefore, the Court must

determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir.1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

## A.   Access to Courts

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries **or** assistance from legally trained personnel. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Dickinson v. TX, Fort Bend County, 325 Fed. Appx. 389, 390 (5th Cir. 2009); McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998); Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996). The jail does not have to provide both.  The Supreme Court has not extended the right of access to encompass more than the ability of an inmate to prepare and transmit a **necessary** legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993)(emphasis added); Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

To state a claim that his constitutional right of access to the courts was violated, the inmate must allege and demonstrate that his position as a litigant was actually prejudiced. See Lewis v. Casey, 518 U.S. 343, 356 (1996).  The inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518

U.S. at 351.

Defendants do not have to provide Plaintiff with inmate counsel and law books, and which method of access the jail provides is not up to the inmates. Moreover, Plaintiff has not alleged that his efforts to pursue a non-frivolous legal claim have been hindered by the alleged shortcomings in the Grant Parish jail. His claim is frivolous.

**B.   Standing**

Plaintiff has presented many very general and conclusory complaints about life at the Grant Parish Detention Center, which do not indicate that any of the deprivations or conditions have caused him personal harm or impact. This failure implicates the standing doctrine, which derives from the Constitution's restriction of federal court jurisdiction to "cases and controversies." U.S. Const. art. III, §2, cl.1. Similarly, the Fifth Circuit has held that persons claiming a deprivation of constitutional rights are required to show a deprivation of their *personal* rights, and not the rights of others. Coon v. Ledbetter, 780 F.2d 1158, 1159 (5th Cir.1986).

Thus, to show that he has standing, a plaintiff must demonstrate three things: (1) an injury in fact or a harm that is "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability. Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). Absent some allegation of personal harm to him or

4

a violation of his constitutional rights, Plaintiff has failed to satisfy the first element. He, therefore, has failed to show that he has standing to pursue the claims which allege harm to the general population of inmates and none specific to himself. See ACLU v. Nat'l Sec. Agency, 493 F.3d 644, 659 (6th Cir. 2007)(observing that the standing doctrine "applies to every claim sought to be litigated in federal court"). Without standing, Plaintiff's claims are legally frivolous and fail to state a claim for which relief can be granted.

**C.   Mootness**

Plaintiff seeks extensive injunctive relief, including an order that the Grant Parish jail provide a variety of programs to inmates. Plaintiff is no longer incarcerated at the Grant Parish Detention Center. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claim to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at the Concordia Parish Correctional Facility. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff has made no allegation nor submitted any evidence indicating a reasonable likelihood that he would be returned to the Grant Parish jail.

Plaintiff's claims for injunctive relief should be dismissed.

## D.   No Physical Injury regarding conditions of confinement

Even considering the claims addressing the general population, Plaintiff has not alleged that any of the conditions described have caused him a physical injury as required to recover monetary relief under §1983.   He complains only of perceived inadequacies and inequities.   Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in §1997e(e) means an injury that is more than de minimis, but it need not be significant. <u>Alexander v. Tippah County, Miss.</u>, 351 F12-93.3d 626 (5th Cir. 2003). Plaintiff has alleged absolutely no physical injury as a result of any of the conditions of which he complains.

### *Conclusion*

For the foregoing reasons, Plaintiff's complaint should be **dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to §1915(e) and §1915A.**

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may**

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 15th day of November, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE